**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ROBERT WARD,

        Plaintiff,

v.                                  Case No:  2:13-cv-750-FtM-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

_____

**OPINION AND ORDER**

Plaintiff, Robert Ward, appeals the final decision of the Commissioner of Social Security Administration ("Commissioner") denying his claim for disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").  As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

## I.       Issues on Appeal

Plaintiff argues one issue on appeal: whether the ALJ erred in assessing Plaintiff's residual functional capacity ("RFC") for medium work.  Plaintiff asserts that the ALJ failed to properly assess the opinion evidence, including that of Plaintiff's treating physician.

## II.      Procedural History and Summary of the ALJ's Decision

On October 7, 2010, Plaintiff filed applications for disability, DIB, and SSI, alleging he became disabled and unable to work on March 16, 2010, due to back injuries, glaucoma in both eyes, eye surgery, and learning difficulties.  Tr. 139, 178.

The Social Security Administration ("SSA") denied his claim initially on December 15, 2010, and upon reconsideration on January 19, 2011.  Tr. 119, 131.  Plaintiff then requested and received a hearing before an ALJ on March 29, 2012, during which he was represented by an attorney.  Tr. 85-103.  Plaintiff testified at the hearing.

On May 25, 2012, the ALJ issued a decision, finding Plaintiff not disabled and denying his claim.  Tr. 20-26.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 16, 2010, the alleged onset date.  Tr. 22. At step two, the ALJ determined that Plaintiff had the following severe impairment: lumbar degenerative disc disease.  *Id.*  The also ALJ found that Plaintiff's impairments of appendectomy, slow learning, and vision problems were non-severe impairments, as they had not more than a minimal effect on the Plaintiff's ability to perform basic physical and/or mental work activities.  Tr. 22-23.  At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[1]  Tr. 23.  Specifically, the ALJ found that the Plaintiff's back pain does not manifest itself, as Plaintiff did not have any problems ambulating effectively and his condition is not caused by any nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, as required by Medical Listings 1.02 and 1.04.  *Id.*

---

[1] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 405.1525(a).

Taking into account the effects from all of Plaintiff's impairments – both severe and non-severe – the ALJ then determined that Plaintiff had the RFC to perform the full range of medium work, as defined in 20 C.F.R. § 416.967(c).[2]  Tr. 23.  The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."  Tr. 25.  In making this finding, the ALJ considered Plaintiff's allegations regarding his back pain.  Tr. 24-25.  Taking into consideration his RFC determination, the ALJ found that Plaintiff could perform his past relevant work as a car detailer.  Tr. 25.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council.  After considering the ALJ's decision, the Appeals Counsel denied the request on August 19, 2013.  Tr. 2-4.  Accordingly, the ALJ's May 25, 2012 decision is the final decision of the Commissioner.  On October 22, 2013, Plaintiff timely filed his Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3).  Doc. 1.

## III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A);

---

[2] "Medium work is defined as work that involves lifting no more than 50 pounds at a time, with frequent lifting or carrying objects that weigh 25 pounds."  *Davis v. Barnhart*, 186 F. App'x 965, 966 (11th Cir. 2006) (citing 20 C.F.R. § 404.1567(c)).

20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence

is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

Plaintiff argues that the ALJ erred when he determined that Plaintiff is capable of performing medium work because Plaintiff's disabling back limitations preclude this type of work, which he asserts is supported by the evidence of record. Specifically, Plaintiff contests the weight assigned the opinion evidence of Plaintiff's treating physician, Dr. Kenneth Berdick. On one hand Plaintiff argues that the ALJ improperly assigned no weight to Dr. Berdick's opinion that Plaintiff could only work part time (Tr. 238), yet inconsistently gave great weight to Dr. Berdick's 2011-2012 records showing that Plaintiff's back had improved, that Plaintiff could work, and was not totally disabled. Tr. 24, 243-46. Plaintiff also asserts that the ALJ failed to acknowledge Plaintiff's radiculopathy[3] and its effect on his ability to work. The Commissioner responds that the objective medical evidence supports the ALJ's RFC finding and that the ALJ articulated good cause for giving little weight to Dr. Berdick's opinion that Plaintiff could only work part-time. The Defendant further

---

[3] Radiculopathy refers to a set of conditions in which one or more nerves are affected and do not work properly, also known as neuropathy.

responds that that the ALJ acknowledged Plaintiff's radiculopathy, but properly found that the record did not show that Plaintiff experienced any functional limitations due to the alleged radiculopathy.   The Court agrees with the Commissioner.

When an impairment does not meet or equal a listed impairment at step three, the ALJ will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all of the relevant medical and other evidence in the record.  20 C.F.R. § 404.1520(e).  The rulings explain that the ALJ's RFC assessment must identify and describe the specific medical and nonmedical evidence that supports each conclusion and explain how any material inconsistencies or ambiguities in the record were considered and resolved.  SSR 96-8p.  The RFC is the most that a claimant can do despite his limitations.  *See* 20 C.F.R. § 404.1545(a).  As noted, the ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence, and medical source statements.  *Id.*  The determination of RFC is within the authority of the ALJ; and the claimant's age, education, and work experience is considered in determining the claimant's RFC and whether he can return to his past relevant work.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)).  The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite his impairments.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

Opinions on some issues, such as the claimant's RFC and whether the claimant is disabled or unable to work, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-5p. The ALJ, therefore, is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(d)(1). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion of whether the claimant meets a listed impairment, a claimant's RFC (20 C.F.R. §§ 404.1545, 404.1546) or the application of vocational factors, because that ultimate determination is the sole province of the Commissioner. 20 C.F.R. § 404.1527(e).

Generally, when determining a plaintiff's RFC "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown." *Castle v. Colvin*, —— F. App'x ——, 2014 WL 595284 (11th Cir. Feb. 18, 2014) (citing *Phillips*, 357 F.3d at 1240); 20 C.F.R. § 404.1527(c)(2); *Lewis*, 125 F.3d at 1440; *Sabo v. Comm'r of Soc. Sec.*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996). "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips*, 357 F.3d at 1240). Under the regulations, the ALJ must weigh any medical opinion based on the treating

relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors. *See* 20 C.F.R. §§ 404.1527(c), (c)(2)(i)-(ii), (c)(3)-(6); *Edwards*, 937 F.2d at 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements); *Lewis*, 125 F.3d at 1440.  Where a treating physician merely has made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *Schnor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); Social Security Ruling ("SSR") 96-2p.

Here, when discussing his RFC determination, the ALJ acknowledged the physical residual functional capacity assessment performed by Disability Determination Services Single Decisionmaker Siraaj Sabree on December 15, 2010, who assessed an RFC for light work, but noted that after a review of the medical records (thoroughly discussed by the ALJ over the next three pages of his opinion), an increase from light work to medium work was warranted.  Tr. 106-13.  When discussing the medical and opinion evidence in support of his RFC determination, the ALJ considered the records and opinions of Plaintiff's treating physician, Dr. Berdick, and the opinion of Dr. Stanley Rabinowitz.  Tr. 24-25.   The ALJ explained that he gave "no weight" to Dr. Berdick's 2010 opinion that Plaintiff could only work part-time.  Tr. 24, 238.  On October 20, 2010, Dr. Berdick completed a "Statement of Health

Care Provider" ("Statement") wherein he stated in conclusory fashion that in his opinion Plaintiff was not totally and permanently disabled, was currently able to work, but only would only be able to do so on a part-time basis, beginning on December 20, 2010.  Tr. 238.

The Court finds that the ALJ properly considered Dr. Berdick's opinion in the Statement and assigned it no weight because there was no objective evidence to bolster his opinion.  In fact, the opinion was inconsistent with Dr. Berdick's medical records from 2011 and 2012, which state that Plaintiff was having minimal or no back pain with better range of motion and "no problems."  Tr. 243-46.  The ALJ acknowledged these records and gave them great weight.  Tr. 24.  And, as the Commissioner points out, Dr. Berdick's 2010 Statement is conclusory and contains no explanation as to why Plaintiff could not work full-time, nor whether Plaintiff could ever return to full-time work.

As the ALJ correctly noted in his opinion, Plaintiff does suffer from some limitations due to his back problems; but the exam findings during the alleged disability period were not consistent with disabling limitations, as most of them reflect only mildly reduced range of motion in the spine, no decreased motor or sensation strength, normal grip strength, no joint swelling, and a normal gait.  Tr. 25.  Further, Dr. Rabinowitz, who examined Plaintiff at the request of Disability Determination Services in December 2010, noted low back pain but no evidence of radiculopathy, normal reflexes, 5/5 motor strength, normal gait, good grip strength, and no need for assistive device.  Tr. 24, 224-27.  Notably, this was during the same

time period that Dr. Berdick opined that Plaintiff was only capable of part-time work, further supporting the ALJ's opinion assessment.  Thus, these examination findings further support the ALJ's decision that Dr. Berdick's opinion is contrary to the evidence of record.

The ALJ correctly found Dr. Berdick's opinion inconsistent with other evidence in the record -- the objective medical findings of other doctors who treated Plaintiff -- which provide substantial evidence to support the ALJ's assessment of Plaintiff's RFC.  The ALJ supported his decision and showed good cause for assigning no weight to Dr. Berdick's conclusory opinion, in compliance with the applicable rules and regulations, by citing to specific evidence in the record demonstrating that Dr. Berdick's opinion was inconsistent with the record as a whole, was conclusory or inconsistent with the medical records, and made no reference to any clinical or laboratory diagnostic techniques to support the opinions.  *See Winschel*, 631 F.3d at 1179.  In fact, Dr. Berdick's subsequent opinions as set forth in the medical records show that Plaintiff does not suffer from disabling back limitations.  Consequently, the ALJ properly followed the treating physician rule and had good cause to discount Dr. Berdick's opinion and not give it controlling weight, which the Court finds is supported by substantial evidence.  *See Osborn v. Barnhart*, 194 F. App'x 654, 667 (11th Cir. 2006) (holding that substantial evidence supported the ALJ's decision to give more weight to the state agency's evaluation and give only minimal weight to the opinion of the claimant's treating physician because it was "nothing more than a

conclusory statement unaccompanied by objective medical evidence" and did not indicate the limitations that the diagnoses placed on the claimant's ability to work).

Finally, Plaintiff's argument that the ALJ did not discuss Dr. Berdick's findings of radiculopathy and its limitations, is without merit. The ALJ specifically acknowledged that Dr. Berdick noted radiculopathy in September 2010. Although nerve conduction studies reported some abnormal values, and some degree of peripheral neuropathy could not be ruled out, the studies showed that further clinical manifestations would be necessary to give weight to the study findings and exams. Tr. 262. And as noted by the ALJ, Dr. Berdick's records fail to suggest any clinical signs or symptoms. Tr. 24. Further, Dr. Rabinowtiz found no evidence of radiculopathy when he examined Plaintiff. Tr. 227.

Thus, The ALJ considered the record evidence in accordance with the regulations regarding treating physicians and properly determined that Plaintiff is capable of performing medium work. The ALJ adequately explained his findings, which are supported by substantial evidence in the record.

## V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1.    The decision of the Commissioner is **AFFIRMED**.

2.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3.      The Clerk of Court is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record